**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PEARL PIERIK and JOHN PIERIK, <br><br> Plaintiffs, <br><br> v. <br><br> GE HEALTHCARE INC.; GENERAL ELECTRIC COMPANY; GE HEALTHCARE AS; BRACCO DIAGNOSTICS, INC.; AND MCKESSON CORPORATION, <br><br> Defendants. | Case No.: 1:18-cv-07733 <br><br> **Honorable Elaine E. Bucklo** |

**MCKESSON'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(B)(6) OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS UNDER F.R.C.P. 12(C)**

McKesson Corporation ("McKesson") hereby moves to dismiss Plaintiff's Amended Complaint (ECF No. 27) for failure to state a claim upon which relief can be granted. Plaintiffs' allegations in their Complaint against McKesson – a distributor of FDA approved drug products – are conclusory and general and do not support a plausible claim for relief. Therefore, the Complaint as to McKesson should be dismissed.

**CERTIFICATE OF CONFERRAL**

Counsel for McKesson conferred with Plaintiffs' counsel regarding the relief requested in this motion. Plaintiffs oppose the relief requested.

1

## BACKGROUND

Plaintiffs Pearl Pierik and John Pierik ("Plaintiffs") assert nine claims related to Ms. Pierik's use of Omniscan and MultiHance, gadolinium-based contrast agents ("GBCA") that McKesson allegedly distributed: (1) strict liability: failure to warn; (2) negligence; (3) negligent misrepresentation; (4) negligence per se; (5) breach of expressed warranty; (6) breach of implied warranty; (7) fraudulent misrepresentation and concealment; (8) civil battery; and (9) loss of consortium. Plaintiffs also seek punitive damages. When this case was pending in the District of Massachusetts, McKesson moved to dismiss Plaintiffs' Amended Complaint for lack of personal jurisdiction, or alternatively, to transfer venue to the Northern District of Illinois. Judge Talwani transferred the case to this Court and denied McKesson's motion as moot. McKesson now moves to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or, alternatively, for judgment on the pleadings under Fed. R. Civ. P. 12(c).

In support of Plaintiffs' claims against McKesson, Ms. Pierik alleges she was injected with Omniscan nearly five years ago and as a result, she "developed gadolinium retention resulting in fibrosis in her organs, skin, and bones, [and] retained gadolinium in her brain." (Am. Compl. ¶¶ 14, 41.) Plaintiffs allege that "McKesson distributed the Omniscan and MultiHance that was injected into Plaintiff," but did not provide where these injections occurred or name the facilities that McKesson allegedly distributed to. (*See id.* ¶ 32.) Plaintiffs provide no other details regarding Ms. Pierik's alleged injuries. For example, while alleging she "retained gadolinium in her brain," Plaintiffs do not allege any actual injury, objective medical symptoms, or medical diagnosis resulting from this alleged retention. (*See id.* at ¶ 16.)

Other than a few paragraphs of unspecific allegations designed to try and keep McKesson in this case, the entirety of Plaintiffs' Amended Complaint is unrelated to Ms. Pierik and unrelated to McKesson's alleged participation in her alleged injuries. Rather, the Amended Complaint focuses on a boilerplate recitation of the alleged history of GBCAs and observational studies that indicate, at most, some unproven purported correlation (not causation) between an entire class of gadolinium-based contrast agents and a "disease that [is] associated with gadolinium, other than NSF." (*Id.* at ¶ 63.)

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff's complaint "must contain sufficient factual information to state claim to relief that is plausible on its face." *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (internal quotations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (Plaintiff must state "enough facts to state a claim to relief that is plausible on its face"). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion under Rule 12(c) is reviewed under the same standard as a Rule 12(b)(6) motion.[1]

This "standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Rosenstern v. Allergan*, 987 F. Supp. 2d 795, 800 (N.D. Ill. 2013) (internal citation

---

[1] *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991) ("A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss."); *U.S. Commodity Futures Trading Comm'n v. Oystacher*, 203 F. Supp. 3d 934, 939 (N.D. Ill. 2016) (same).

omitted). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Requiring a plaintiff to provide some factual support for its claims is important: it ensures that a defendant can adequately prepare a defense by giving fair notice of a claim and the grounds upon which it rests. *See id.*

The court must accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor. *Mann*, 707 F.3d at 877. Labels, conclusions, naked assertions, and recitations of a claim's legal elements are not "facts." *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. It is not enough to allege facts "merely consistent with" liability or showing only that entitlement to relief is possible. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. The facts must show a viable claim without requiring speculation.

"[I]n the context of product liability claims, a plaintiff must state sufficient allegations to allow at least the reasonable inference that the product that caused the injury was made, sold, <u>or distributed</u> by the defendant in question." *In re Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, No. 2:11-MD-2226-DCR, 2012 WL 3610237, at *2 (E.D. Ky. Aug. 21, 2012), *aff'd* 756 F.3d 917 (6th Cir. 2014) (emphasis added). Where "it is impossible to discern from the face of the Amended Complaint which Defendant allegedly breached what duty or committed what tortious act . . . , Plaintiff's lack of specificity fails to provide proper notice of her claims to any one Defendant." *Quashie v. Olympus Am., Inc.*, 315 F. Supp. 3d 1329, 1341 (N.D. Ga. 2018) (internal marks and citations omitted). Bald allegations that defendants "manufactured, distributed, owned, constructed, designed, assembled, sold, or caused to be sold" the subject product and did so "with no warnings, or inadequate warnings" is insufficient to state a claim

4

under *Iqbal* and *Twombly*. *See Bem v. Stryker Corp.*, No. C 15-2485 MMC, 2015 WL 4573204, at *1 (N.D. Cal. July 29, 2015); *see also Wendell v. Johnson & Johnson*, No. C 09-04124 CW, 2010 WL 2465456, at *3 (N.D. Cal. June 14, 2010) (dismissing negligence and products liability claims where complaint "simply recite[d] the elements of each cause of action and repeat[ed] the same failure-to-warn allegations" without "alleg[ing] how [defendant's] warnings about [the product] were inadequate" or "how [defendant] was negligent in failing to satisfy any other duty of care."). Naked assertions devoid of further facts are insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

## ARGUMENT

This Court should dismiss Plaintiffs' claim for failure to state a claim upon which relief can be granted. Plaintiffs' claims fall short of the pleading standard set forth in *Twombly* and *Iqbal*. Simply alleging that McKesson distributed the GBCAs that were injected in Ms. Pierik, that the product was not safe, and that the warnings were inadequate without additional facts is not sufficient to avoid a motion to dismiss.

### A. This Court Should Dismiss Plaintiffs' Failure-to-Warn Claims Because the Claims Do Not Comply with *Twombly/Iqbal*

Three of Plaintiffs' claims against McKesson are solely based on an alleged failure-to-warn consumers of the risks of Omniscan or MultiHance: Count I - Strict Liability: Failure to Warn; Count II - Negligence; and Count III - Negligent Misrepresentation. When asserting a failure-to-warn claim, a plaintiff must show that the "(1) Defendants had a duty to warn; (2) Defendants knew or should have known of the danger but failed to warn Plaintiff of the fact; (3) the omission of such information made the warning inadequate and the drug defective; and (4) this defect proximately caused Plaintiff's injuries." *Gravitt v. Mentor Worldwide, LLC*, 289

5

F. Supp. 3d 877, 891 (N.D. Ill. 2018); *see also Hammond v. North Am. Asbestos Corp.*, 454 N.E.2d 210, 217 (Ill. 1983). Each of Plaintiffs' failure-to-warn claims is premised upon little more than conclusory allegations as to McKesson.

> *First Cause of Action – Strict Liability*

In the strict liability claim, the only allegation that mentions McKesson by name is that "Omniscan was manufactured, sold, marketed, distributed, supplied and/or placed into the stream of commerce by Defendants General Electric Company, GE Healthcare Inc., GE Healthcare AS and Defendant McKesson and was defective at the time it left these Defendants' control . . ." (Am. Compl. ¶ 73.) However, "a bald assertion that the [product] was defective in design when it left Defendants' hands, was unreasonably dangerous, and the foreseeable risks outweighed the [product's] benefits [is] insufficient to survive a motion to dismiss." *Schmidt v. C.R. Bard, Inc.*, No. 6:14-CV-62, 2014 WL 5149175, at *3 (S.D. Ga. Oct. 14, 2014); *see also In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Relevant Prod. Liab. Litig.*, No. 3:09-CV-20003, 2010 WL 3937414, at *5 (S.D. Ill. Oct. 4, 2010) ("Assuming without deciding that a distributor such as McKesson would be subject to liability under the governing substantive law, the imposition of liability, under any theory of recovery, depends upon a showing that the defendant manufactured, <u>sold, supplied, or was in some way responsible</u> for the product that is alleged to have caused the plaintiff's injuries." (emphasis added)).

Further, Plaintiffs make several claims that Defendants failed to provide adequate warnings, without distinguishing between the Defendants. Given McKesson's status as a pharmaceutical distributor, it has no ability under federal law to vary the language of FDA-approved pharmaceutical labeling. *See, e.g, In re Fosamax (Alendronate Sodium) Prod. Liab.*

6

*Litig. (No. II),* No. MDL 2243 JAP-LHG, 2012 WL 181411, at *3 (D.N.J. Jan. 17, 2012) ("As a distributor of Fosamax, Watson has no power to change Fosamax labeling."); *Stevens v. Cmty. Health Care, Inc.*, No. ESCV200702080, 2011 WL 6379298, at *1 (Mass. Super. Oct. 5, 2011).

### *Second Cause of Action - Negligence*

Plaintiffs' negligence claim baldly states that "Defendants breached their duty of reasonable care to Plaintiff in that they negligently promoted, marketed, distributed, and/or labeled Omniscan and MultiHance." (Am. Compl. ¶ 84). Again, this allegation fails to provide contextual facts or distinguish the duties or conduct of the individual Defendants. As one court explained when dismissing a plaintiff's claim for negligent failure to warn:

> Because Plaintiff has not alleged each Defendant's role in the manufacturing, marketing, or sales of the scope at issue, each defendant is denied notice of the duty to warn that it allegedly owes. . . . Plaintiff's lack of specificity with respect to the acts of each Defendant fails to provide proper notice of her claims to any one Defendant.

*Quashie*, 315 F. Supp. 3d at 1341. Here, the negligence cause of action does not even mention McKesson by name, much less provide facts describing McKesson's role in the negligence claim.

Further, Ms. Pierik's negligence claim cannot survive a 12(b)(6) motion because Plaintiff does not identify any facts in support of causation, much less any facts suggesting that McKesson's conduct in any way contributed to her alleged disease. *See Show v. Ford Motor Co.*, 697 F. Supp. 2d 975, 987 (N.D. Ill. 2010), *aff'd*, 659 F.3d 584 (7th Cir. 2011) (stating causation is necessary element for negligence). Here, Ms. Pierik fails to allege any facts to support her allegations that Omniscan or MultiHance caused her injuries. Ms. Pierik simply claims: (1) she received a gadolinium-based contrast agent, (2) she allegedly suffers from an unnamed "disease

7

that [is] associated with gadolinium, other than NSF," and (3) studies have observed that gadolinium can be retained in the body. (*See* Am. Compl. ¶¶ 14, 63, and 64.)

### *Third Cause of Action – Negligent Misrepresentation*

Plaintiffs' negligent misrepresentation claim also does not distinguish between Defendants, and simply repeats an identical allegation as to each Defendant individually. *See, e.g.*, Am. Compl. ¶ 95 ("Defendant McKesson failed to disclose material facts regarding the safety and efficacy of Omniscan and MultiHance with respect to patients with normal renal function."); *compare id.* ¶ 93 (Bracco) *and id.* ¶ 94 (GEHC). Again, Plaintiffs make conclusory allegations about "McKesson's labeling," even though it had no authority to change the label of this FDA approved product, and nor are general allegations about unidentified information that was purportedly concealed sufficient. *See* Am. Compl. ¶ 108; *Quashie*, 315 F. Supp. 3d at 1341.

The negligent misrepresentation claim also fails because it does not meet the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). *See* Section B, *infra*.

McKesson requires sufficient factual detail of Plaintiffs' claims in order to "adequately prepare a defense." *See Twombly*, 550 U.S. at 555. The three counts that allege failure to warn – Counts I, II, and III – do not satisfy this pleading standard. Therefore, they should be dismissed.

**B.     The Court Should Dismiss Plaintiffs' Third and Seventh Causes of Action Because They Fail to Meet the Heightened Pleading Requirements of Rule 9(b)**

Plaintiffs' Third and Seventh Causes of Action—negligent misrepresentation and fraudulent misrepresentation and concealment—must be dismissed for failing to comply with Federal Rule of Civil Procedure 9(b). Rule 9(b) requires a complaint to allege fraud with particularity—which "means the who, what, when, where, and how: the first paragraph of any

8

newspaper story." *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009). Plaintiffs' complaint does not identify when or where these statements were made, who made them on McKesson's behalf, what these statements were, how she relied on them, or how she was damaged as a result of these statements.

To prove negligent misrepresentation, a plaintiff must prove that McKesson (1) made a false statement of material fact, (2) carelessness or negligence in ascertaining the truth of the statement by McKesson, (3) the intention to induce the plaintiff to act, (4) the plaintiff's action in reliance on the truth of the statement, (5) damages resulting from the reliance, and (6) McKesson is under a duty to communicate accurate information. *Torello v. Napleton's Auto Werks, Inc.*, No. 16 C 2435, 2018 WL 1174395, at *2 (N.D. Ill. Mar. 6, 2018).

The seventh cause of action in Plaintiffs' complaint alleges fraudulent misrepresentation and concealment. To establish fraudulent misrepresentation, a plaintiff must show "(1) the defendant made a false statement of material fact; (2) the defendant knew or believed that the statement was false; (3) the defendant intended to induce the plaintiff to act upon the statement; (4) the plaintiff justifiably acted in reliance upon the statement; and (5) the plaintiff suffered damage as a result." *Russell v. USAA Gen. Indem. Co.*, No. 15-CV-7380, 2018 WL 2009503, at *3 (N.D. Ill. Apr. 30, 2018) (internal citation omitted).

Plaintiffs do not provide any facts that, if proven, would show that McKesson knowingly provided false information about the safety of using Omniscan or MultiHance for individuals with normal renal function. The negligent misrepresentation claim is erroneously premised on the assumption that McKesson had a duty to communicate accurate information when, in fact, McKesson had no authority to implement or change the label of this FDA-approved drug. *See*

*Fosamax*, 2012 WL 181411, at *3; *Stevens*, 2011 WL 6379298, at *1. In short, there is neither a predicate duty nor a single factual allegation showing that McKesson made knowing or careless false statements or that such statements caused Ms. Pierik's injuries.

Thus, Plaintiffs' third and seventh causes of action should be dismissed.

### C. Plaintiffs' Breach of Express Warranty Claim Fails Because of Insufficient Factual Allegations

Plaintiffs' fifth cause of action is for breach of express warranty pursuant to Mass. Gen. Laws ch. 106,§ 2–313. Should Illinois law apply in light of the transfer away from the District of Massachusetts, the corresponding statute in Illinois is identical. 810 Ill. Comp. Stat. Ann. 5/2-313. This section provides that:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

Mass. Gen. Laws. ch. 106, § 2–313(1); 810 Ill. Comp. Stat. Ann. 5/2-313(1). An affirmation or description can be actionable as an express warranty if it became "part of the basis of the bargain." Mass. Gen. Laws. ch. 106, § 2–313(1)(a); 810 Ill. Comp. Stat. Ann. 5/2-313(1)(a). "It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." Mass. Gen. Laws. ch. 106, § 2–313(2); 810 Ill. Comp. Stat. Ann. 5/2-313(2).

Plaintiffs do not mention McKesson by name in this cause of action and fail to identify facts constituting the claimed warranty. Plaintiffs allege that "[d]rug manufacturers, such as Defendants, bear responsibility for the content of their label at all times." (Am. Compl. ¶ 137.) As acknowledged in the Complaint, McKesson is a distributor, not a manufacturer. (*Id.* ¶ 32.) And, as discussed above, McKesson does not have the authority to implement or alter a label, much less bear responsibility for its content. *See Fosamax*, 2012 WL 181411, at *3; *Stevens*, 2011 WL 6379298, at *1.

Therefore, this Court should dismiss Plaintiffs' fifth cause of action.

### D.     Plaintiffs' Breach of Implied Warranty Claim Fails Because of Insufficient Factual Allegations

Plaintiffs' breach of implied warranty claim fails to identify McKesson by name or provide sufficient factual allegations as to how its conduct gave rise to any such warranty. Though not clearly identified as such, Plaintiffs' sixth cause of action appears to be a breach of implied warranty of fitness for a particular purpose. "To state a claim for breach of implied warranty of fitness for a particular purpose, plaintiffs must allege that (1) the seller had reason to know of the particular purpose for which the buyer required the goods; (2) the buyer relied on the seller's skill and judgment to select suitable goods; and (3) the seller knew of the buyer's reliance on its skill and judgment." *In re McDonald's French Fries Litig.*, 503 F. Supp. 2d 953, 957 (N.D. Ill. 2007) (citation and marks omitted). Plaintiffs' complaint simply states bare legal elements. Specifically, Plaintiffs allege:

- Defendants impliedly warranted that the GBCAs "would be eliminated from the body and were safe and fit for use in patients with normal renal function." (Am. Compl. ¶ 144.)

11

- "Defendants were aware that consumers, including Plaintiff, would use [GBCAs] for the purpose intended and warranted by Defendants." (*Id.* ¶ 146.)

- "Plaintiff and her physicians and healthcare professionals reasonably relied upon the skill and judgment of Defendants as to whether [the GBCAs] were of merchantable quality and safe and fit for their intended use." (*Id.* ¶ 148.)

Plaintiffs do not allege "the purpose intended and warranted" here or identify the intended use that is different from the ordinary use of the product. "No warranty for a particular purpose is created if the intended use is no different from the ordinary use of the product." *Rosenstern v. Allergan, Inc.*, 987 F. Supp. 2d 795, 804 (N.D. Ill. 2013). Thus, Plaintiffs' allegations are insufficient under *Iqbal* and *Twombly*. *See Corwin v. Connecticut Valley Arms, Inc.*, 74 F. Supp. 3d 883, 891 (N.D. Ill. 2014) ("If he wants to litigate an implied warranty for a particular purpose claim, he must allege what his particular purpose was in using the bullet, and why Accura had reason to know of this particular purpose."); *McDonald's French Fries*, 503 F. Supp. 2d at 957 (dismissing breach of implied warranty claim because "plaintiffs do not allege that the consumption of the potato products is not the ordinary use of such products or that defendant had reason to know what the particular, non-ordinary use of the product would be").

This Court should dismiss Plaintiffs' sixth cause of action.

### E. Plaintiffs' Eighth Cause of Action Does Not Adequately Plead a Claim for Civil Battery

Plaintiffs' eighth cause of action alleges civil battery by all defendants. To state a civil battery claim, plaintiff must show (1) an intentional act by defendant to cause a harmful or offensive contact and (2) the harmful or offensive contact directly or indirectly resulted in harm to the plaintiff. *Parks v. City of Chicago*, No. 09 C 5683, 2012 WL 4049359, at *1 (N.D. Ill. Sept. 13, 2012).

Plaintiffs allege that "Defendants intended to cause Plaintiff to be physically touched in an offensive and harmful manner." (Am. Compl. ¶ 166.) No facts that provide context to this alleged battery are included in the Amended Complaint. Plaintiffs' allegations amount to no more than conclusory allegations and thus must be dismissed.

Therefore, this Court should dismiss Plaintiffs' eighth cause of action.

### F.	Plaintiffs' Loss of Consortium Claim Also Fails Because It Lacks Factual Allegations

Plaintiffs' last cause of action alleges loss of consortium by Mr. Pierik, Ms. Pierik's spouse. Under Illinois law, a loss of consortium claim exists where a loss is shown to arise from tortious injury to a personal relationship established by a marriage contract. *Ford-Sholebo v. United States*, 980 F. Supp. 2d 917, 999 (N.D. Ill. 2013). Again, Plaintiffs allege no specific facts that show how Mr. Pierik has "suffer[ed] the loss of his loved one's support, companionship, services, society, love and affection." (*See* Am. Compl. ¶ 173.) Therefore, the Court should dismiss Plaintiffs' loss of consortium claim.

## CONCLUSION

For the foregoing reasons, this Court should dismiss all claims against McKesson.

Dated: December 21, 2018   Respectfully submitted,

*s/ Kenneth E. Stalzer*

Kenneth E. Stalzer (#6294596)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: stalzer@wtotrial.com

Attorneys for Defendant McKesson Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2018, I electronically filed the foregoing **MCKESSON'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(B)(6) OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS UNDER F.R.C.P. 12(C)** with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated below.

- **Carlo F. Bonavita**
  bonavita@wtotrial.com

- **Kimberly A. Dougherty**
  kim.dougherty@andruswagstaff.com

- **William E. Gildea**
  william.gildea@leclairryan.com

- **Kevin G. Kenneally**
  kevin.kenneally@leclairryan.com

- **Christopher B. Parkerson**
  cparkerson@campbell-trial-lawyers.com

- **Paul S. Penticuff**
  penticuff@bscr-law.com,coombs@bscr-law.com,
  kheath@bscr-law.com,ahiggins@bscr-law.com

- **R. Jason Richards**
  JRichards@awkolaw.com

- **Jeffrey Singer**
  jsinger@smsm.com,efile@smsm.com,dcasadonte@smsm.com

- **Kenneth E. Stalzer**
  stalzer@wtotrial.com,purdy@wtotrial.com

- **Thomas N Sterchi**
  sterchi@bscr-law.com

- **Edward A. Wallace**
  eaw@wexlerwallace.com,ecf@wexlerwallace.com,
  gl@wexlerwallace.com,lck@wexlerwallace.com

- **Andrew Douglas Welker**
  adw@wexlerwallace.com

*s/ Kenneth E. Stalzer*